# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| TEM SMULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:10-cv-00112-JVB |
| | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Tem Smull's motion to remand the case to state court for lack of jurisdiction (DE 8) and Defendant's motion to dismiss the complaint for failure to state a claim (DE 11).

### A. Background and Facts

Plaintiff began working for Defendant Dolegencorp, LLC, in June 2006. His job was to move tractor trailers from one location in Defendant's yard to another. Plaintiff was concerned that truck drivers not employed by Defendant used the yard, in contravention of Defendant's standard operating procedure, and creating an unsafe work environment. He voiced his concerns to supervisors, who told him he would have to solve the problem himself. In October 2009 he verbally confronted an offending trucker. Several days later he was terminated because of the confrontation.

Plaintiff filed his complaint in Grant County, Indiana, Circuit/Superior Court on March 17, 2010. Plaintiff alleges that he was terminated from his job for following the express orders of his supervisors and asks for a judgment against the Defendant for wrongful termination. He

does not allege that he was terminated on account of his race, color, religion, national origin, sex, age, disability, or any other ground that might bring his claim within the federal question jurisdiction of this Court.

On April 13, 2010, Defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. (DE 2, ¶ 6.)[1] Defendant first asserts that the Court has jurisdiction under § 1332 because the action is between citizens of different states, claiming that Plaintiff is an Indiana citizen and that Defendant, a limited liability company, was incorporated in Kentucky and has its principal place of business in Tennessee. With regard to the amount in controversy, Defendant states: "Plaintiff's Complaint requests costs of the action, a judgment against Defendant, and all other just and proper relief, so the amount in controversy sought by Plaintiff, upon information and belief and with substantial certainty, will exceed $75,000, exclusive of costs and fees." (*Id.* at ¶ 6.) Defendant also asserts that

> to the extent that Plaintiff also is alleging or later alleges additional claims that [Defendant] violated federal law, or provides a more definite statement of his claim which clarifies any federal law he alleges [Defendant] violated, the Court would also have original jurisdiction over this action such that these claims could be removed pursuant to 28 U.S.C. § 1441."

*(Id.* at ¶ 7.)

On May 11, 2010, Plaintiff moved to remand the case to state court, arguing that Defendant cannot establish that the amount in controversy meets the jurisdictional requirement of more than $75,000. 28 U.S.C. § 1332. In support of the motion, Plaintiff filed an affidavit in which he states: "The value of my claim has never been worth $75,000—neither on the day this

---

[1] Sections 1331 and 1332 grant federal district courts original federal question and diversity jurisdiction, respectively. Section 1441 makes any action brought in a state court of which the district courts have original jurisdiction removable to a district court. Section 1446 sets out the procedure for removal.

action was initially commenced in the Grant Circuit Court, nor on the day this actions was purportedly removed to this Court." DE 10, Pl. Aff. ¶ 6.

Also on May 11, 2010, Defendant filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), in which it maintains that the complaint offers no notice as to what Plaintiff's cause of action is.

**B.    Analysis**

**(1)    *Diversity Jurisdiction***

Federal diversity jurisdiction requires that the suit be between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign State" and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, the citizenship of an limited liability company is the citizenship of each of its members, *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Consequently, a limited liability company's notice of removal should identify the citizenship of each of its members, and, if those members have members, the citizenship of those members as well. *Thomas v. Guardsmark, LLC*, 487 F3d 531, 534 (7th Cir. 2007).

If the failure to properly plead its citizenship were the only barrier to upholding diversity jurisdiction, the Court would follow its usual practice of ordering Defendant to file an amended jurisdictional statement to identify the citizenship of its members. However, in this case, it would be a useless act, because Defendant has failed to establish that the amount in controversy exceeds $75,000.

The amount in controversy is the amount required to satisfy the plaintiff's demands in full

on the day the suit begins, or in the event of removal, on the day the suit was removed. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 510–11 (7th Cir. 2006). A removing defendant has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *Id.* at 511. When a plaintiff reveals little about the value of his claim in the complaint, a good-faith estimate is acceptable if it is plausible and supported by a preponderance of the evidence. *Id.*

While the Court accords no weight to Plaintiff's affidavit,[2] it must have some evidence from which to conclude that the amount in controversy is met: Defendant has presented none, plausible or otherwise, thus failing to carry its burden. Accordingly, the Court determines that it lacks jurisdiction under 28 U.S.C. §§ 1332 and 1441.

**(2)** *Federal Question Jurisdiction*

Title 28 U.S.C. § 1331 gives federal district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. A case arises under federal law within the meaning of § 1331 only when the claim for relief depends in some way on federal law. *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001). The complaint before the Court does not invoke any federal law or raise any federal issues. Plaintiff's allegation that he was wrongfully terminated for following his employer's orders, implicates nothing more than a state law claim for breach of an employment contract. Accordingly, the Court lacks jurisdiction

---

[2]The most obvious reason for disregarding Plaintiff's affidavit is that it fails to state that the claim does not exceed $75,000. Moreover, the Seventh Circuit Court of Appeals, applying *St. Paul Mercury Indemnity Col v. Red Cab Co.*, 303 U.S. 283, 288 (1938), has stated that an affidavit or stipulation regarding the amount in controversy filed after removal is not effective to oust federal jurisdiction. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997).

under 28 U.S.C. §§ 1331 and 1441.

Defendant's argument that this Court should assume jurisdiction because a subsequent more definite statement or amendment to the complaint might reveal a federal question is unavailing. If that should happen, Defendant may then seek removal: 28 U.S.C. §1446(b) provides that if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**(3)** *The Motion to Dismiss*

Because the Court lacks subject matter jurisdiction, it must remand the case to state court without deciding the merits of the motion to dismiss for failure to state a claim. *See Cook v. Winfrey*, 141 F.3d 322, 325 n. 2 (7th Cir. 1998).

**C.** **Conclusion**

Plaintiff's motion to remand (DE 8) is GRANTED.

SO ORDERED on July 13, 2010.

                                                        s/ Joseph S. Van Bokkelen
                                                        Joseph S. Van Bokkelen
                                                        United States District Judge